UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,      Case No. 19-20569

v.               Honorable Thomas L. Ludington

ROBIN LEE JOHNSON,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On November 14, 2019, Defendant Robin Lee Johnson pled guilty to transmitting threatening communications in violation of 18 U.S.C. § 875(c). ECF No. 32. She was sentenced to 27 months imprisonment. ECF No. 41. She is currently housed at Federal Medical Center, Carswell in Fort Worth, Texas.

On July 13, 2020, Defendant sent a letter to this Court, asking about her prior sentencing and whether she qualified for compassionate release. ECF No. 43. On August 17, 2020, Defendant sent another letter that specifically requested compassionate release given the COVID-19 pandemic.[1] ECF No. 44. Defendant's letter will be construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Plaintiff, the United States of America (the "Government"), responded on September 8, 2020. ECF No. 45. For the reasons stated below, Defendant's motion will be denied without prejudice.

---

[1] While most of the letter is spent discounting her guilt and attacking the conduct of the United States Attorney's Office, Defendant nonetheless specifically requests release on account of the danger posed by COVID-19. *See* ECF No. 44 at PageID.180.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose "unique challenges for control of [COVID-19] transmission among incarcerated/detained persons, staff, and visitors." *See Guidance for Correctional and Detention Facilities*, Ctr. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Sept. 21, 2020).[2] It further explains that "many opportunities exist for [COVID-19] to be introduced into a correctional or detention facility, including daily staff movements; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." *Id.*

**II.**

Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as compassionate release). ECF No. 704. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of

---

[2] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust her administrative remedies with the Bureau of Prisons (BOP) or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant makes no mention of exhaustion in either letter. *See* ECF Nos. 43, 44. The Government is correct that before this Court can consider the merits of compassionate release, Defendant must first seek compassionate release from the BOP. As a result, Defendant's motion will be denied without prejudice. Defendant may refile her motion for compassionate release, but she must include evidence that she requested compassionate release from the BOP and that 30 days have passed since the request or that the request was denied.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 44, is **DENIED WITHOUT PREJUDICE**.


Dated: September 28, 2020　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

- 4 -

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robin Johnson** #57525-039, Federal Medical Center Carswell, P.O. Box 27137, Fort Worth, TX 76127 by first class U.S. mail on September 28, 2020.
>
> s/Kelly Winslow
> KELLY WINSLOW, Case Manager