UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 19-20569

v.           Honorable Thomas L. Ludington

ROBIN LEE JOHNSON,

           Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL BUT EXTENDING TIME FOR A REPLY BRIEF**

On November 14, 2019, Defendant Robin Lee Johnson pled guilty to transmitting threatening communications in violation of 18 U.S.C. § 875(c). ECF No. 32. She was sentenced to 27 months imprisonment. ECF No. 41. She is currently housed at Federal Medical Center, Carswell in Fort Worth, Texas.

On October 26, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 47. The Government responded on November 4, 2020. ECF No. 48. On November 19, 2020, Defendant moved for the appointment of counsel, stating that she had "received a copy of the [Government's] response" and "would like a[n] attorney." ECF No. 50 at PageID.235. For the reasons set forth below, Defendant's motion will be denied, but the time to file a reply brief will be extended.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision

to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is warranted. Seeking compassionate relief does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on her own behalf. Indeed, Defendant already filed a motion for compassionate release, which included evidence of exhaustion and information regarding her medical condition. *See* ECF No. 47. Nonetheless, it appears that Defendant mailed her motion for the appointment of counsel shortly after receiving the Government's response. Due to mailing delays, her motion was not docketed until December 8, 2020. Consequently, and in consideration of unavoidable mailing delays, there is good cause to grant Defendant an additional 14 days to file a reply brief.

Accordingly, it is **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 50, is **DENIED**.

It is further **ORDERED** that Defendant may file a reply brief by **December 23, 2020** no longer than **seven pages**.

Dated: December 9, 2020　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robin Johnson** #57525-039, Federal Medical Center Carswell, P.O. Box 27137, Fort Worth, TX 76127 by first class U.S. mail on December 9, 2020.

                                        s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager